UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**DARIUS HARRISON**                                                                   **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 5:20-cv-58-BJB**

**BROOKE NELMS et al.**                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

On February 21, 2022, Defendants filed a motion to dismiss (DN 33) this *pro se* lawsuit with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for three reasons: Plaintiff's failure to respond to their motion for summary judgment, comply with the Court's Scheduling Order, and update his address as required by the Local Rules. They state that mail, including their summary-judgment motion, sent to Plaintiff at the Christian County Jail, his address of record, has been returned as undeliverable and as "'refused.'" All three reasons contribute to the Court's decision to dismiss this case as discussed below.

The Court entered an Order on April 1, 2022 (DN 34) directing Plaintiff to respond to Defendants' motion for summary judgment and motion to dismiss (DNs 28 and 33) within 21 days. The Order warned Plaintiff that failure to comply could result in dismissal. The Court mailed the Order to the Christian County Jail. But the U.S. Postal Service returned it marked "Return to Sender" and "Unable to Forward" (DN 35).

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action[.]" Fed. R. Civ. P. 41(b). The U.S. Court of Appeals for the Sixth Circuit has explained that Rule 41(b) requires consideration of 4 factors: (1) willfulness, bad faith, or fault; (2) prejudice; (3) warning (that noncompliance could lead to dismissal); and (4) less drastic sanctions (including dismissal without prejudice). *See*

*Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998). Dismissal without prejudice is a less drastic sanction and balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 557, n.5 (6th Cir. 2004).

### *Willfulness, bad faith, or fault*

"For a plaintiff's actions to be motivated by bad faith, willfulness, or fault, his conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (internal citation omitted). Plaintiff failed to comply with the Court's scheduling orders requiring certification ~~that~~ of the relevant documents to Defendants or filing of a pretrial memorandum. He also failed to file a response to the summary-judgment motion, perhaps because he never received it as a result of his failure to update his address, another contravention of the Court's Order and Local Rules.[1] *See* DN 35.

### *Prejudice to Defendants*

"[A] defendant is prejudiced by the plaintiff's conduct where the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). "Such prejudice typically arises in the discovery context." *Novatne v. Elrod*, No. 3:19-cv-821, 2021 WL 4460506, at *3 (M.D. Tenn. Sept. 29, 2021), *report and recommendation adopted*, 2021 WL 5178847 (M.D. Tenn. Nov. 8, 2021) (citing *Harmon*, 110 F.3d at 368; *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013)). For example, in *Wright*, the

---

[1] The envelope in which Defendants sent their motion for summary judgment to Plaintiff at the Christian County Jail is stamped: "Return to Sender," "Refused," "Unable to Forward," "Return to Sender." DN 32-1. This document suggests the mail was "refused" by the Christian County Jail because Plaintiff was no longer incarcerated there.

district court found prejudice where the defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony." 2013 WL 1729105, at *2. Here, Defendants do not argue that Plaintiff refused to cooperate in discovery, including their deposition of him a few months before they filed their summary-judgment motion.

Except for filing their motion to dismiss, Defendants have not been prejudiced because Defendants' other actions in this case are "typical steps in the early stages of litigation and are to be expected when one is served with a complaint" and were not "necessitated by any lack of cooperation by" Plaintiff. *Schafer*, 529 F.3d at 739.

### *Warning to Plaintiff*

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court clearly warned Plaintiff of the possibility of dismissal and his responsibility to keep the Court and Defendants apprised of his current address. *See* Scheduling Order (DN 8), Amended Scheduling Order (DN 25). Both Orders clearly notified Plaintiff that dismissal was a potential outcome if he failed to do so. *Id*. The Court's Order to Plaintiff explaining what was necessary to respond to the summary-judgment motion and extending the time to do so also warned Plaintiff that failure to comply may result in dismissal (DN 34). The Court's warnings, however, did not specify that dismissal would be with prejudice.

### *Consideration of less drastic sanctions*

In other cases where a *pro se* Plaintiff has moved from his address of record without providing a new address, this Court has dismissed without prejudice, and the Sixth Circuit has affirmed decisions doing so. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming district court's dismissal without prejudice due to the plaintiff's failure "to

keep the district court apprised of his current address."). Because dismissal without prejudice is a less drastic sanction than dismissal with prejudice, the Sixth Circuit's four-factor analysis tends to favor the former. Such a sanction is particularly appropriate where, as here, Plaintiff appears *pro se*. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'") (quoting *Harmon*, 110 F.3d at 367).

The Court therefore **GRANTS** Defendants' motion (DN 33) to dismiss but **DENIES** (DN 35) Defendants' request to dismiss with prejudice.

Date: June 22, 2022

Benjamin Beaton, District Judge
United States District Court

cc: Counsel of record
     Plaintiff, *pro se*
B213.009